D7pbyweip

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA

          v.                          13 CR 227 (PGG)

KEVIN WEINSTEIN,

              Defendant.

------------------------------x


                                      New York, N.Y.
                                      July 25, 2013
                                      11:00 a.m.


BEFORE:

                    HON. PAUL G. GARDEPHE,

                                      District Judge




PREET BHARARA
     United States Attorney for the
     Southern District of New York
CHRISTOPHER FREY
     Assistant United States Attorney

DONALD YANELLA
     Attorney for Defendant
```

D7pbyweip

1           (Case called)

2           MR. FREY:  Christopher Frey for the government.

3           MR. YANELLA:  Donald Yanella.  We're ready.

4           THE COURT:  I'm told that the defendant has an

5     application to withdraw his previously entered plea of not

6     guilty and to enter a plea of guilty to the information.

7           MR. YANELLA:  That's correct, your Honor, and he

8     wishes to do so with a Pimintel letter, which is dated June 19,

9     2013.

10          THE COURT:  Mr. Ruocco, would you swear the defendant.

11          (Defendant sworn)

12          THE COURT:  Mr. Weinstein, you should understand

13    you're under oath and if you answer any of my questions

14    falsely, your answers may later be used against you in another

15    prosecution for perjury or for making a false statement.

16          Do you understand that?

17          THE DEFENDANT:  Yes.

18          THE COURT:  I have an advice-of-rights form and I'm

19    informed it's been signed by you and Mr. Yanella.

20          Is this your signature on the advice-of-rights form?

21          THE DEFENDANT:  Yes.

22          THE COURT:  We'll mark it as Exhibit One to these

23    proceedings.

24          Before deciding to accept your guilty plea, I'm

25    required to ask you certain questions.  It's important you

D7pbyweip

1    answer these questions honestly and completely.

2              The purpose of these proceedings is to make sure you

3    understand your rights and for me to make certain that you're

4    pleading guilty of your own free will and to make sure that

5    you're pleading guilty because you are, in fact, guilty and not

6    for some other reason.

7              Do you understand that?

8              THE DEFENDANT:  Yes.

9              THE COURT:  If you don't understand any of my

10   questions or you want to consult with Mr. Yanella at any time,

11   say so, because it's important that you understand every

12   question before you answer it.

13             THE DEFENDANT:  Sure.

14             THE COURT:  State your full name for the record.

15             THE DEFENDANT:  Kevin Weinstein.

16             THE COURT:  How old are you?

17             THE DEFENDANT:  Forty-six.

18             THE COURT:  How far did you go in school?

19             THE DEFENDANT:  I graduated college.

20             THE COURT:  Have you ever been addicted to any drugs

21   or alcohol or been treated for any addiction?

22             THE DEFENDANT:  Nothing, not even coffee.

23             THE COURT:  Are you now or have you recently been

24   under the care of any kind of doctor?

25             THE DEFENDANT:  No.

D7pbyweip

1           THE COURT:  In the past 24 hours, have you taken any

2     drugs, medicine, or pills or consumed any alcohol?

3           THE DEFENDANT:  None.

4           THE COURT:  Is your mind clear today and do you

5     understand what is happening?

6           THE DEFENDANT:  Yes.

7           THE COURT:  Mr. Yanella, any doubt as to

8     Mr. Weinstein's competence to plead guilty this morning?

9           THE DEFENDANT:  No.

10          THE COURT:  On the basis of Mr. Weinstein's responses

11    to my questions and my observations of his demeanor, I do find

12    that he is competent to enter an informed plea.

13          Have you received a copy of the information in this

14    case, Mr. Weinstein, which contains the charge against you?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Have you read it?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Do you want me to read it to you now in

19    open court?

20          THE DEFENDANT:  No.

21          THE COURT:  You should understand that you are charged

22    in the information with the felony offense of violating 18

23    United States Code Section 2319(a), which deals with

24    unauthorized trafficking in music videos of live performances.

25          THE DEFENDANT:  Yes.

D7pbyweip

1          THE COURT:  Have you had enough time to discuss your

2    case with Mr. Yanella?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Have you discussed with him the charge

5    against you, as well as your intention to plead guilty?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Have you discussed with him any possible

8    defenses you might have to this charge, as well as all the

9    facts about this matter?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Has he told you about the consequences of

12    pleading guilty?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Are you satisfied with Mr. Yanella's

15    representation of you?

16          THE DEFENDANT:  Absolutely.

17          THE COURT:  I must explain to you, sir, certain

18    Constitutional rights you have.  These are rights you would be

19    giving up if you enter a guilty plea.  Listen carefully to what

20    I'm about to say.  If you don't understand something, stop me

21    and either myself or Mr. Yanella will explain the matter to you

22    more fully.

23          Under the Constitution and laws of the United States,

24    you have the right to a speedy and public trial by a jury on

25    the charges against you contained in the information.

D7pbyweip

1           Do you understand that?

2           THE DEFENDANT:  Yes.

3           THE COURT:  If there were a trial, you would be

4   presumed innocent and the government would be required to prove

5   your guilt by competent evidence and beyond a reasonable doubt.

6   You would not have to prove you were innocent at trial.

7           Do you understand that?

8           THE DEFENDANT:  Yes.

9           THE COURT:  If there were a trial, a jury composed of

10  12 people selected from this district would have to agree

11  unanimously before you could be found guilty.

12          Do you understand that?

13          THE DEFENDANT:  Yes.

14          THE COURT:  If you decide to go to trial, at that

15  trial and at every stage of the case you would have the right

16  to be represented by an attorney, and if you could not afford

17  one, an attorney would be appointed to represent you at the

18  government's expense and at no cost to you.

19          If you retained a lawyer and you ran out of money, an

20  attorney would be appointed to continue to represent you, to

21  handle your case all the way to trial, and not just for

22  purposes of a guilty plea.

23          Sir, your decision to plead guilty should not depend

24  on whether you can afford a lawyer.

25          Do you understand that?

SOUTHERN DISTRICT REPORTERS, P.C.          (212) 805-0300

D7pbyweip

1          THE DEFENDANT:  Yes.

2          THE COURT:  If there were a trial, you would have the

3   right to see and hear all the witnesses against you, and your

4   attorney could cross-examine them.  You would have a right to

5   have your attorney object to the government's evidence and to

6   offer evidence on your own behalf.  If you so desired, you

7   would have the right to have subpoenas issued to compel

8   witnesses to testify in your defense.

9          Do you understand that?

10         THE DEFENDANT:  Yes.

11         THE COURT:  If there were a trial, you would have the

12  right to testify if you wanted to, but no one could force you

13  to testify if you did not want to.  Furthermore, no inference

14  or suggestion of guilt could be drawn if you chose not to

15  testify at trial.

16         Do you understand that?

17         THE DEFENDANT:  Yes.

18         THE COURT:  If you were convicted at a trial, you

19  would have the right to appeal that verdict to a higher court.

20         Do you understand that?

21         THE DEFENDANT:  Yes.

22         THE COURT:  Even now as you're entering this plea, you

23  have the right to change your mind, to plead not guilty and go

24  to trial on the charge contained in the information.

25         Do you understand that?

D7pbyweip

1      THE DEFENDANT:  Yes.

2      THE COURT:  If you plead guilty and I accept your

3  plea, you will give up your right to a trial and the other

4  rights I've just discussed, other than the right to an

5  attorney, which you have regardless of whether or not you plead

6  guilty.

7      If you plead guilty, I will enter a judgment of

8  sentence after I have considered a presentence report and

9  whatever submissions I have received from your lawyer and the

10  prosecutor.

11      Do you understand that?

12      THE DEFENDANT:  Yes.

13      THE COURT:  If you plead guilty, you have to give up

14  your right not to incriminate yourself because I will ask you

15  questions about what you did in order to satisfy myself that

16  you're guilty as charged, and you will have to admit and

17  acknowledge your guilt.

18      Do you understand that?

19      THE DEFENDANT:  Yes.

20      THE COURT:  As I said a moment ago, the information

21  charges you with unauthorized trafficking in music videos of

22  live music performances.  I must tell you the elements of that

23  offense.

24      This is what the government would have to prove beyond

25  a reasonable doubt if the case were to go to trial:  First, the

D7pbyweip

1    government would have to prove that you distributed, offered to

2    distribute, sold or offered to sell, one or more copies of a

3    recording containing the sound or images of live musical

4    performances; second, that you did so for the purpose of

5    commercial advantage or private financial gain; third, at the

6    time you did so, you did not have the consent of the performers

7    involved; and, fourth, that you acted willfully.

8           Do you understand that these are the elements of the

9    offense that you have been charged with in the information?

10          THE DEFENDANT:  Yes.

11          THE COURT:  I must tell you the maximum and any

12   minimum possible penalty for this crime.  The maximum means the

13   most punishment that can possibly be imposed.  It does not

14   necessarily mean that it is what you will receive, but you have

15   to understand that by pleading guilty, you are exposing

16   yourself to the possibility of receiving any combination of

17   punishments up to the maximum amount I'm about to describe.

18          Do you understand that?

19          THE DEFENDANT:  Yes.

20          THE COURT:  The charge in the information carries a

21   maximum sentence of five years' imprisonment, a maximum term of

22   three years of supervised release, a maximum fine of $250,000,

23   twice the gross pecuniary gain derived from the offense or

24   twice the gross pecuniary loss, as well as a mandatory $100

25   special assessment.

D7pbyweip

1           Do you understand that?

2           THE DEFENDANT:  Yes.

3           THE COURT:  Parole has been abolished in the federal

4   system, and, accordingly, if you are sentenced to prison, you

5   will not be released early on parole.

6           There is a limited opportunity to earn credit for good

7   behavior, but you will have to serve at least 85 percent of the

8   time you are sentenced to.

9           Do you understand that?

10          THE DEFENDANT:  Yes.

11          THE COURT:  As part of your sentence, I have the power

12  to order that you make restitution to any person injured as a

13  result of your criminal conduct, and I can also order you to

14  forfeit certain property to the government.

15          Do you understand that?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Being convicted of a felony may have other

18  consequences, such as the loss of licenses or the right to

19  possess a firearm.  If you are a citizen of the United States,

20  you could lose your right to vote.  If you're not a citizen of

21  the United States, you will likely lose your right to remain in

22  the United States and you may be deported.

23          These are examples of the sort of consequences that

24  can flow from a felony conviction.  This is not a comprehensive

25  list.

D7pbyweip

1           Do you understand that?

2           THE DEFENDANT:  Yes.

3           THE COURT:  There are sentencing guidelines that I'm

4   required to consult in order to determine an appropriate

5   sentence.  Have you spoken with Mr. Yanella about the

6   sentencing guidelines?

7           THE DEFENDANT:  Yes.

8           THE COURT:  You should understand I will not be able

9   to determine what the recommended sentence is under the

10  guidelines until after a presentence report has been prepared

11  by the U.S. Probation Office and you and the government have

12  had a chance to challenge the facts as they are reported in the

13  presentence report.

14          Do you understand that?

15          THE DEFENDANT:  Yes, I do.

16          THE COURT:  In this particular case, the government

17  has sent a letter, and Mr. Yanella referenced it a moment ago,

18  a letter dated June 19, 2013.  It's referred to in this court

19  as a Pimintel letter.  In the letter, the government lays out

20  how it perceives at this point the application of the

21  sentencing guidelines in your case.  And, in particular, the

22  government says in the letter that based on their calculations,

23  they conclude that under the guidelines, you're facing a

24  sentencing range of 30 to 37 months of imprisonment.

25          What I want you to understand about the letter is that

D7pbyweip

1   it's not binding on me, and I could look at the facts here and

2   do my own evaluation of the sentencing guidelines and come out

3   at a different place than the government asks.

4          The letter is not binding on me in any way, shape, or

5   form and I'll make my own determination after taking into

6   account what the lawyers' views are, but also applying my own

7   understanding of the sentencing guidelines.

8          Do you understand that?

9          THE DEFENDANT:  Yes, I do.

10          THE COURT:  You should also understand that after I

11   have done that independent review of the sentencing guidelines

12   and determined whether I believe there's a departure that's

13   appropriate either upward or downward from the recommended

14   range under the guidelines, I will then determine what an

15   appropriate sentence is in your case having found not only the

16   sentencing guidelines, but all the factors set forth in the

17   sentencing statute, including the need for the sentence imposed

18   to reflect the seriousness of the offense, to promote respect

19   for the law, to provide just punishment, and to afford adequate

20   deterrence of criminal conduct.

21          Do you understand that?

22          THE DEFENDANT:  Yes, I do.

23          THE COURT:  You should understand that if your

24   attorney or anyone else has attempted to estimate or predict

25   what your sentence will be, that their estimate or prediction

D7pbyweip

1    could be wrong.

2            Do you understand that?

3            THE DEFENDANT:  Yes.

4            THE COURT:  No one, not even your attorney or the

5    prosecutor, can or should give you any assurance of what your

6    sentence will be.  Your sentence cannot be determined until

7    after the presentence report is prepared and I have ruled on

8    any challenges to the report, determined whether I believe

9    there are grounds to depart upwards or downwards from the

10   recommended range under the guidelines and other determinations

11   on what an appropriate sentence is in your case.

12           Do you understand that?

13           THE DEFENDANT:  Yes.

14           THE COURT:  You should fully understand that even if

15   your sentence is different from what your attorney or anyone

16   else told you it might be or if it is different from what you

17   expect, you will still be bound by your guilty plea and you

18   will not be allowed to withdraw your plea of guilty.

19           Do you understand that?

20           THE DEFENDANT:  Yes, I do.

21           THE COURT:  Mr. Yanella, do you know of any valid

22   defense that would prevail at trial or any other reason why

23   Mr. Weinstein should not be permitted to plead guilty?

24           MR. YANELLA:  No.

25           THE COURT:  Does the government represent there's an

D7pbyweip

1    adequate factual basis to support a guilty plea?

2          MR. FREY:  Yes.

3          THE COURT:  Mr. Weinstein, we have reached the point

4    in the proceedings where I need you to tell me what you did

5    that makes you believe that you are guilty of the crime charged

6    in the information.

7          THE DEFENDANT:  Between October 2011 and June 2012

8    without authorization from the musicians, I sold music videos

9    of live musical performances on the internet.  During this

10   period, I negotiated with my customers over the internet while

11   I was in Manhattan, and I also used a mailbox in Manhattan.  I

12   knew that unauthorized selling of live musical performances was

13   illegal.

14          I'm an avid music lover for all types of music;

15   therefore, commercial gain was not my main motivation, but I am

16   guilty of this charge.

17          THE COURT:  I take it that you actually sold these

18   videos, so you received some form of compensation for the sale

19   of them?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Any other questions the government wants

22   to ask Mr. Weinstein?

23          MR. FREY:  No, your Honor.  That's legally sufficient.

24          THE COURT:  Mr. Weinstein, are you pleading guilty

25   because you are guilty, and are you pleading guilty voluntarily

D7pbyweip

1   and of your own free will?

2            THE DEFENDANT:  I sure am.

3            THE COURT:  Then I'll ask you now, how do you plead as

4   to the charge in the information, guilty or not guilty?

5            THE DEFENDANT:  Yes, guilty.

6            THE COURT:  Does the government wish me to allocute

7   Mr. Weinstein on the forfeiture allegation in the information?

8            MR. FREY:  Yes, please, your Honor.

9            THE COURT:  Mr. Weinstein, the information includes a

10  forfeiture allegation in which the government puts you on

11  notice that it seeks any and all property constituting or

12  derived from any proceeds obtained directly or indirectly as a

13  result of the offense charged in the information, as well as

14  any and all property used, or intended to be used, in any

15  manner or part to commit or to facilitate the commission of the

16  offense charged in the information.

17           Do you admit the forfeiture allegation as set forth in

18  the information?

19           THE DEFENDANT:  Yes.

20           THE COURT:  Because you acknowledge that you're guilty

21  as charged in the information, because I find that you know

22  your rights and you're waiving them knowingly and voluntarily,

23  because I find your plea is entered knowingly and voluntarily

24  and is supported by an independent basis in fact containing

25  each of the essential elements of the offense, I accept your

D7pbyweip

1    guilty plea and adjudge you guilty of the offense to which you

2    have pled guilty.

3            I will order a presentence report.  I ask you to

4    cooperate with the people who prepare the report because it

5    will be important to me in making my determination as to what

6    your sentence will be.

7            Once the presentence report is prepared, you and

8    Mr. Yanella will have an opportunity to review the report.  I

9    urge you to review it carefully with him.  If there are any

10   misstatements in the report, point them out to Mr. Yanella so

11   he can point them out to me so I don't proceed on the basis of

12   mistaken information.

13           I'm going to put the sentencing down for December 3,

14   2013, at 2:30 p.m.  Any written submissions by the defendant

15   will be due November 19.  Any response by the government will

16   be due November 26.

17           Anything further?

18           MR. FREY:  No.

19           MR. YANELLA:  No.

20           THE COURT:  Thank you.

21           (Adjourned)

22

23

24

25

SOUTHERN DISTRICT REPORTERS, P.C.          (212) 805-0300